

**U.S. Department of Justice**

***Carmen M. Ortiz***
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

June 18, 2014

Juliane Balliro, Esq.
Nelson Mullins Riley & Scarborough LLP
One Post Office Square
Boston MA 02109

    Re:    <u>United States v. James J. Kerasiotes</u>

Dear Ms. Balliro:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, James J. Kerasiotes ("Defendant"), in the above-referenced case. The Agreement is as follows:

    1.    <u>Change of Plea</u>

    At the earliest practicable date, Defendant shall waive indictment and plead guilty to the Information attached to this Agreement charging him with: Filing a False Tax Return in violation of 26 U.S.C. §7206(1) (Counts One and Two). Defendant expressly and unequivocally admits that he committed the crimes charged in Counts One and Two of the Information, did so knowingly, intentionally and willfully, and is in fact guilty of those offenses. The United States Attorney agrees not to charge Defendant with Mail Fraud pursuant to 18 U.S.C. § 1341 based on information currently known to the U.S. Attorney.

    2.    <u>Penalties</u>

    Defendant faces the following maximum penalties on each of Counts One and Two of the Information: incarceration for three years; supervised release for one year; a fine of $100,000; a mandatory special assessment of $100; and restitution.

    3.    <u>Sentencing Guidelines</u>

    The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory maximum penalties set forth above and the provisions of the Sentencing Reform Act, and the United States Sentencing Guidelines ("USSG" or "Guidelines")

1

promulgated thereunder. The USSG are advisory, not mandatory and, as a result, the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine. In imposing the sentence, the Court must consult and take into account the USSG and the other factors set forth in 18 U.S.C. §3553(a).

It is the position of the U.S. Attorney with respect to the application of the USSG that, pursuant to USSG §2T1.1(a)(1), Defendant's base offense level is 14, because the tax loss is more than $30,000 but less than $80,000. Defendant takes the position that he should be credited with a minimum of approximately $15,900 in deductions for duly documented home office, travel and entertainment expenses incurred in connection with his business, which results in a base offense level of 12 with a tax loss of less than $30,000.00, and he reserves the right to oppose the U.S. Attorney's tax loss calculation. The parties agree that the amount of the tax loss is to be determined by the Court after hearing.

Defendant agrees not to contend that there is a basis for departure from, or a sentence outside, the otherwise applicable Guidelines sentencing range based on his medical, mental, and/or emotional condition, or otherwise rely on any such condition at sentencing.

The U.S. Attorney reserves the right to oppose Defendant's arguments for a departure or a sentence outside the USSG under the factors set forth in 18 U.S.C. §3553(a).

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by two levels Defendant's adjusted offense level under USSG §3E1.1.

The U.S. Attorney expressly reserves the right not to recommend a reduction under USSG §3E1.1 if, at any time between Defendant's execution of this Agreement and sentencing, Defendant:

    (a)    Fails to admit a complete factual basis for the plea;

    (b)    Fails to truthfully admit Defendant's conduct in the offenses of conviction;

    (c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

    (d)    Fails to provide truthful information about Defendant's financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

    (f)    Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

  (g)  Intentionally fails to appear in Court or violates any condition of release;

  (h)  Commits a crime;

  (i)  Transfers any asset protected under any provision of this Agreement; or

  (j)  Attempts to withdraw Defendant's guilty plea.

Defendant expressly understands that Defendant may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that Defendant receive a reduction in offense level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG §3C1.1 if Defendant obstructs justice after the date of this Agreement.

Nothing in this Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.  <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the Court:

  (a)  a sentence of imprisonment within the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures;

  (b)  a fine within the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

  (c)  12 months of supervised release;

  (d)  a mandatory special assessment of $200; and

  (e)  restitution to the Internal Revenue Service ("IRS") in an amount to be determined by the Court at sentencing.

Defendant agrees to provide the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which Defendant intends to rely at sentencing not later than 7 days before sentencing. Any basis for sentencing as to which Defendant has not provided the U.S. Attorney all such items at least 7 days before sentencing shall be deemed waived.

The parties agree jointly to recommend that the Court order restitution to the IRS as to Counts One and Two of the Information, in an amount to be determined by the Court at sentencing.

The parties agree jointly to recommend the following special condition of any term of supervised release or probation:

During the period of supervised release or probation, Defendant must, within six months of sentencing or release from custody, whichever is later:

- (i) cooperate with the Examination and Collection Divisions of the IRS;

- (ii) provide to the Examination Division all financial information necessary to determine Defendant's prior tax liabilities;

- (iii) provide to the Collection Division all financial information necessary to determine Defendant's ability to pay;

- (iv) file accurate and complete tax returns for those years for which returns were not filed or for which inaccurate returns were filed; and

- (v) make a good faith effort to pay all delinquent and additional taxes, interest, and penalties.

5. **Payment of Mandatory Special Assessment**

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. **Protection of Assets for Payment of Restitution, Forfeiture and Fine**

Defendant agrees not to transfer, or authorize the transfer of, any asset that has been restrained by Order of the Court in this case or any asset, whether or not restrained, that Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which Defendant has an interest without prior express written consent of the U.S. Attorney, except for:

- (a) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $10,000;

- (b) Ordinary living expenses necessary to house, clothe, transport, and feed Defendant and those to whom Defendant owes a legal duty of support, so long as such assets do not exceed $10,000 per month; and

- (c) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture, and restitution ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Information is satisfied in full.

Defendant further agrees that Defendant will, prior to sentencing, complete truthfully and accurately the sworn financial statement enclosed with this Agreement.

7. <u>Waiver of Rights to Appeal and to Bring Future Challenge</u>

   (a) Defendant has conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) on direct appeal. Defendant also understands that, in some circumstances, Defendant may be able to argue in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. §2255, 28 U.S.C. §2241, or 18 U.S.C. §3582(c), that Defendant's conviction should be set aside or Defendant's sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) set aside or reduced.

   (b) Defendant waives any right to challenge Defendant's conviction on direct appeal or in a future proceeding (collateral or otherwise).

   (c) Defendant agrees not to file a direct appeal nor challenge in a future proceeding (collateral or otherwise) any sentence of imprisonment of 16 months or less or any orders relating to supervised release, fines, forfeiture, and restitution. This provision is binding even if the Court's Guidelines analysis is different from that set forth in this Agreement.

   (d) This Agreement does not affect the rights of the United States as set forth in 18 U.S.C. §3742(b). Defendant expressly acknowledges that he understands the U.S. Attorney has retained all appeal rights.

   (e) Notwithstanding the previous subparagraphs, Defendant reserves the right to claim that Defendant's lawyer was ineffective in connection with the negotiation of this plea agreement or the entry of the guilty plea.

8. <u>Other Post-Sentence Events</u>

(a) In the event that, notwithstanding the waiver provision of Paragraph 7(c), Defendant appeals or challenges in a future proceeding (collateral or otherwise) Defendant's sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court (in addition to arguing that any appeal or future challenge (collateral or otherwise) is waived as a result of the waiver in Paragraph 7(c)).

(b) If, notwithstanding the waiver provision of Paragraph 7(c), Defendant seeks re-sentencing, Defendant agrees not to seek to be re-sentenced with the benefit of any change to the Criminal History Category that the Court calculated at the time of Defendant's original sentencing, except to the extent that Defendant has been found actually factually innocent of a prior crime.

(c) In the event of a re-sentencing following an appeal from or future challenge (collateral or otherwise) to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from and a sentence outside the USSG if, and to the extent, necessary to reinstate the sentence the U.S. Attorney advocated at Defendant's initial sentencing pursuant to this Agreement.

9. <u>Court Not Bound by Agreement</u>

The parties' sentencing recommendations and their respective calculations under the USSG are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed, nor because the U.S. Probation Office or the Court declines to follow the parties' USSG calculations or recommendations. Should the Court decline to follow the U.S. Attorney's USSG calculations or recommendations, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any direct appeal or future challenge (collateral or otherwise).

10. <u>Information For Presentence Report</u>

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

11. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of

this Agreement. Defendant agrees to cooperate with employees of the IRS, the Civil Division of the U.S. Attorney's Office, and law enforcement agents working with attorneys in the Civil Division of the U.S. Attorney's Office, in making an assessment of his civil liabilities. Defendant specifically authorizes release by the IRS or other investigative agency to the aforementioned agencies and their representatives of information for purposes of making that assessment. Defendant further agrees to assent to the filing and allowance of a motion under Rule 6(e) of the Federal Rules of Criminal Procedure, to permit the disclosure of matters occurring before the grand jury for this purpose.

12. Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on Defendant's motion, this Agreement shall be null and void at the option of the U.S. Attorney.

13. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, regardless whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges that have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that his breach of an obligation under this Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea. Defendant further understands that, should he breach any provision of this Agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements that Defendant may make, and any information, materials, documents or objects that Defendant may provide to the government subsequent to this Agreement, or pursuant to the proffer agreement dated May 10, 2013, without any limitation. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

14. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

15. Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated May 10, 2013. This Agreement

7

supersedes prior understandings, if any, of the parties, whether written or oral, with the sole exception of those contained in the proffer letter dated May 10, 2013 (subject to Paragraph 13, above). This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

    If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Kristina E. Barclay.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: *[signature]*
CYNTHIA A. YOUNG
Chief, Criminal Division
JAMES D. HERBERT
Deputy Chief, Criminal Division

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I received an offer by letter dated March 19, 2014 and rejected that offer. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and the Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
James J. Kerasiotes
Defendant

Date: 6/27/2014

I certify that James J. Kerasiotes has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily, and knowingly. I also certify that, in addition to this offer, the U.S. Attorney extended an offer dated March 19, 2014 and that I fully discussed that offer with Defendant before Defendant rejected it.

_____
Juliane Balliro, Esq.
Attorney for Defendant

Date: 6/26/2014